# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NICHOLAS J. MAJETICH**
**United States Army, Appellant**

ARMY 20150085

Headquarters, 19th Expeditionary Sustainment Command
Mark A. Bridges, Military Judge
Lieutenant Colonel Maureen A. Kohn, Staff Judge Advocate (pretrial)
Lieutenant Colonel Jeremy W. Robinson, Staff Judge Advocate (post-trial)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Cody Cheek, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Christopher D. Coleman, JA; Captain Cody Cheek, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA (on brief).

21 December 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

HERRING, Judge:

A military judge sitting as general court-martial convicted appellant, pursuant to his plea, of sexual abuse of a child, in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error, which merits brief discussion. We find the issues raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) to not merit relief.[1]

---

[1]As conceded by the government in its brief, appellant correctly asserts in *Grostefon*

(continued. . .)

During December 2012, appellant engaged in an indecent conversation with a 15 year old girl, CB, via Facebook. Attached to the stipulation of fact, as Enclosure 2, was a transcript of that Facebook conversation. The military judge discussed the "stipulation of fact with three enclosures" with appellant and his defense counsel during the providence inquiry. The three enclosures were appellant's Enlisted Record Brief, a transcript of the Facebook conversation that formed the basis of the Specification of Charge I, and images extracted in digital forensic examination.[2] A footnote on page four of the stipulation further described Enclosure 2 as "the relevant portion of the Facebook chat transcript capturing the exchanges between the Accused and the victim on 15-16 December 2012; the pages have retained the original pagination but the lines have been numbered for ease of reference."

After appellant had finished reading the stipulation, the military judge called the attention of counsel to what he believed to be a mistaken date. The military judge noted the stipulation stated the conversation occurred on 5 December but "when I look at your enclosure, it looks like that was part of the conversation that took place on December 16th." Both trial and defense counsel agreed that 5 December was listed in error. With the concurrence of appellant, the military judge allowed counsel to change the date in the stipulation to 16 December 2012.

What appears in the record of trial as Enclosure 2 is a portion of a CyberTipline Report prepared by the National Center for Missing and Exploited Children (NCMEC).[3] This report was generated by a tip from CB's mother and includes transcripts of appellant's Facebook conversations with CB over several months, not just on 15-16 December 2012. All of appellant's criminal statements to CB are included in Enclosure 2 but there is no numbering of lines as stated in the footnote in the stipulation referenced above.

---

(. . . continued)
that the DIBRS code on the result of trial is incorrect. The code that appears on that document is 120-I1 (Abusive Sexual Contact with a Child Under 16 years old) which is the pre-28 June 2012 offense. Appellant stands convicted of Sexual Abuse of a Child, a post-28 June 2012 offense which is coded 120BB4. We find appellant suffered no prejudice by this error as the offense is correctly described in the result of trial.

[2] Although not mentioned by either party in their briefs, we note that Enclosure 3 is completely missing from the Stipulation of Fact, Pros. Ex. 1. It is found under seal as App. Ex. VI.

[3] Each page of the document is marked "Exhibit 2" unlike the first enclosure to the stipulation of fact which is properly marked "Encl 1."

MAJETICH—ARMY 20150085

Appellant alleges he was prejudiced by having the "wrong" document admitted as Enclosure 2 to the stipulation of fact. We disagree.

With the stipulation of fact, containing the exact statements of appellant included in the Specification of Charge I, properly admitted at trial and included in the authenticated record of trial, we find appellant's assignment of error to be without merit. There is no additional information in Enclosure 2 that is not already apparent from the stipulation of fact. The stipulation of fact clearly shows that CB was not the only young girl appellant communicated with, that appellant did not tell CB he was married, and that CB's mother made a report to NCMEC and provided that organization with a transcript of messages between CB and appellant from December 2012 to May 2013. The additional statements by appellant to CB contained in Enclosure 2 pale in comparison to the much more vulgar and obscene charged statements from the 15-16 December conversation.

On consideration of the entire record, we hold the finding of guilty and sentence as approved by the convening authority correct in law and in fact. Accordingly, the finding of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3